[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11891

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 15, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-21703-CV-UU

MICCOSUKEE TRIBE OF INDIANS OF FLORIDA,
a federally-recognized Indian Tribe,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,
RAY LaHOOD,
Secretary, U.S. Department of
Transportation, in his official capacity,
ATTORNEY GENERAL OF THE UNITED STATES,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 15, 2010)

Before BLACK, WILSON and MARTIN, Circuit Judges.

WILSON, Circuit Judge:

The Miccosukee Tribe of Indians of Florida (the Tribe) challenged the federal government's plans to replace a mile of the ground-level Tamiami Trail (U.S. Highway 41) with a bridge, to increase the flow of water into Everglades National Park. The district court dismissed those claims for lack of subject matter jurisdiction, and the Tribe appeals that dismissal. After hearing oral argument in this case and in the related and consolidated appeals Nos. 09-14194 and 09-14539, we conclude that our holding in that case dictates the outcome here. We find that language Congress inserted in a spending bill deprives the federal courts of subject matter jurisdiction over the Tribe's claims. Therefore we affirm the judgment of the district court.

## I. Background

For the full background to this litigation, we rely on our account in the companion appeals, *Miccosukee Tribe of Indians of Florida v. U.S. Army Corps of Engineers et al.*, Nos. 09-14194 and 09-14539 (hereinafter *Miccosukee I*). Here we add only that information necessary to resolve this case.

The Tribe alleged in Counts I and II of its amended complaint that the U.S. Department of Transportation (U.S. DOT) violated the DOT's statutory procedures at 49 U.S.C. § 303(c), and the requirements of the Administrative Procedure Act, 5

2

U.S.C. § 551 *et seq.* (APA), by failing to conduct the required Section 4(f)[1] review of the bridge before approving it by way of transferring a Highway Easement Deed (HED) to the Florida Department of Transportation (Fla. DOT). Section 4(f) requires the Secretary of Transportation to review all transportation projects that will use federal parkland before granting approval. The Tribe alleged in Count III that the U.S. DOT exceeded its authority under 23 U.S.C. § 317, which authorizes the use of federal land that is "reasonably necessary for the right-of-way of any highway," because the HED transfer was not for "highway purposes." The Tribe alleged in Count IV that the HED transfer violated the Everglades National Park Protection and Expansion Act of 1989, Pub. L. No. 101-229, 103 Stat. 1946, 16 U.S.C. § 410r-5 *et seq.* (ENPPEA), because it resulted in a net loss of acreage to the park and violated the Tribe's substantive due process rights to use the land where the bridge would be constructed. The Tribe sought declaratory and injunctive relief in order to prevent construction of the bridge.

The district court dismissed Counts I and II for lack of subject matter jurisdiction, finding that the bridge was not a "transportation project" that triggered Section 4(f) review. The district court granted judgment on the pleadings to the

---

[1] Section 4(f) was originally codified at 49 U.S.C. § 1653(f). Congress later repealed and recodified section 4(f) without substantial change at 49 U.S.C. § 303, in an Act of Jan. 12, 1983, Pub. L. No. 97-449, § 303, 96 Stat. 2413, 2419. *Coal. Against a Raised Expressway, Inc. v. Dole*, 835 F.2d 803, 805 n.3 (11th Cir. 1988).

3

U.S. DOT on Counts III and IV after concluding that the U.S. DOT had the authority to transfer the HED under 23 U.S.C. § 317, and that the bridge did not violate the ENPPEA or the Tribe's substantive due process rights.

In this appeal, the Tribe argues that the district court erred in dismissing Counts I and II because the bridge is a "transportation project" to which Section 4(f) review applies. The Tribe also contends the district court erred in granting the U.S. DOT judgment on the pleadings because, in light of the district court finding that the bridge was not a "transportation project," the HED transfer was improper under 23 U.S.C. § 317 because it could not have been for "highway purposes."

Moreover, the Tribe argues that the district court erred in finding no violation of the ENPPEA or the Tribe's substantive due process rights, because the U.S. DOT, acting as a "transfer agent" for the U.S. Department of the Interior, caused a net loss of acreage in the park. The Tribe claims its substantive due process rights were violated because the construction of the bridge would impinge on its right to use the Everglades under 16 U.S.C. § 410b.

## II. Standard of Review

This Court reviews a district court's dismissal for lack of subject matter jurisdiction *de novo*. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citation omitted).

## III. Analysis

The procedural wrinkle that sets this case apart from the Tribe's other appeals is that here the district court entered its final judgment before Congress passed its Omnibus Appropriations Act, 2009, Pub. L. No. 111-8, 123 Stat. 524 (Omnibus Act). Therefore, the district court was unable to consider its effect on the litigation. It is clear that we can do so, and moreover we must. The Omnibus Act affects the prospective relief available to the Tribe; therefore, its application is not prohibited for being retroactive. *Landgraf v. USI Film Prods.*, 511 U.S. 244, 273, 114 S. Ct. 1483, 1501 (1994); *Scheerer v. U.S. Att'y Gen.*, 513 F.3d 1244, 1252 (11th Cir. 2008).

We note in *Miccosukee I* that the Omnibus Act's general repealing clause, "notwithstanding any other provision of law," splits the verb phrase "shall . . . construct or cause to be constructed." That observation is decisive here. The connection between the verb "construct" and laws regulating the federal approval, construction, and maintenance of roadways is, if anything, even closer than the connection with laws regulating the environmental implications of agency action.

For this reason, and the reasons that we set out in *Miccosukee I*, we hold that the general repealing clause of the Omnibus Act, when read in the context of its surrounding statutory language, repeals the transportation laws to the extent they

5

would otherwise apply to the bridge project. This repeal precludes any possibility that a federal court may entertain an action seeking to delay or review that project, whether that review occurs under the laws governing the U.S. DOT, the APA, or other statutory authority. The delay inherent in any review of administrative action poses a direct conflict to Congress's clear statutory command that the Corps build the bridge "immediately and without further delay." 123 Stat. at 708.

We therefore affirm the district court's judgment on Counts I and II that it lacked subject matter jurisdiction to hear the Tribe's claims.[2] This conclusion compels us to vacate the district court's judgments on counts III and IV, and we remand this case with instructions that the district court dismiss those counts for lack of subject matter jurisdiction.[3]

## IV. Conclusion

The judgment of the district court is affirmed in part, vacated in part, and remanded.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

---

[2] We do not reach the other issues that the Tribe raises on appeal regarding these counts. We decline to review the district court's finding that the bridge is not a transportation project within the DOT statute, and therefore not subject to a Section 4(f) review.

[3] Regarding the substantive due process violation alleged by the Tribe, we conclude that the Tribe failed to sufficiently plead deprivation of any non-statutory right in a way that would invoke the jurisdiction of the district court.